United States District Court
Eastern District of Michigan
Southern Division

United States of America,

    Plaintiff,

v.

D-1, Jerome Durden,

    Defendant.

Case: 5:17-cr-20406
Judge: O'Meara, John Corbett
MJ: Whalen, R. Steven
Filed: 06-13-2017 At 11:08 AM
INFO USA v. SEALED MATTER (SO)

Violations:
**Conspiracy to Defraud the United States** (18 U.S.C. § 371)

**Failure to File Tax Return** (26 U.S.C. § 7203)

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## GENERAL ALLEGATIONS

### The UAW-Chrysler National Training Center

1.    The UAW Chrysler Skill Development & Training Program d/b/a the UAW-Chrysler National Training Center (NTC) is a corporation organized and registered under the laws of the State of Michigan and located in Detroit, Michigan. The stated purpose of the NTC is to provide for the education, training

1

and retraining of workers. In 1986, the NTC applied for and received certification from the Internal Revenue Service to operate as a 501(c)(5) tax exempt organization. The NTC elected to operate on a fiscal year basis beginning October 1st and ending September 30th.

2. Funding of the NTC is provided from the automobile manufacturer FCA US LLC, formerly Chrysler LLC (FCA). That funding is provided pursuant to a formula set forth in the collective bargaining agreements negotiated between FCA and the United Automobile, Aerospace and Agricultural Implement Workers of America (UAW). During the time period of 2009 to 2014, FCA made annual transfers to the NTC of between $13 million and $28 million per year.

3. The governing body of the NTC is known as the Joint Activities Board. The Vice President for Employee Relations of FCA and the Vice President for the Chrysler Department of the UAW serve as the Chairmen of the NTC Joint Activities Board. The remainder of the Joint Activities Board is made up of senior officials from FCA and from the UAW.

4. UAW Vice President General Holiefield served as the co-Chairman of the NTC and as a member of the Joint Activities Board from in and before 2009 through 2014.

5. FCA Vice President Alphons Iacobelli served as the co-Chairman of the NTC and as a member of the Joint Activities Board from in and before 2009 through 2015.

6. UAW Official 2 served as the Co-Director of the NTC and as a member of the Joint Activities Board from 2010 through 2014.

7. JEROME DURDEN was the Controller of the NTC between 2008 and 2015. JEROME DURDEN also served as the Secretary of the Joint Activities Board. At all times relevant, JEROME DURDEN was an employee of FCA and a member of FCA's corporate accounting department.

8. As a 501(c)(5) tax exempt organization, the NTC was required to file true and accurate IRS Form 990 returns in each relevant tax year disclosing transfers between itself and related entities, disclosing business transactions with interested persons and disclosing compensation to current and former trustees, directors, officers and keys employees, among other information.

9. In each relevant tax year between 2009 and 2015, JEROME DURDEN was directly involved in preparing, signing, and filing an IRS Form 990 tax return on behalf of the NTC.

### The Leave the Light on Foundation

10.     The Leave the Light on Foundation is a non-profit corporation organized and registered under the laws of the State of Michigan as the successor in fact to a Michigan non-profit corporation called the Hand-In-Hand Foundation. In 2002, the Hand-In-Hand Foundation applied for certification from the Internal Revenue Service to operate as a 501(c)(3) tax exempt organization, which was officially granted in 2005. In February of 2008, the Hand-in-Hand Foundation officially changed its name to the Leave the Light on Foundation (LFLOF). The stated purpose of the LTLOF was to raise money to be used for charitable and community activities.

11.     Between 2009 and 2014, more than $386,400 in funds were transferred from the NTC to the LTLOF.

12.     At all times relevant, UAW Vice President General Holiefield selected the members of the Board of Trustees of the LTLOF.

13.     At all times relevant, UAW Vice President General Holiefield controlled the funds and assets of the LTLOF.

14.     At all times relevant, Monica Morgan was a personal associate and, later, the spouse of General Holiefield.

15. At the direction of UAW Vice President General Holiefield, UAW Official 2 served as an officer on the Board of Trustees of the LTLOF from 2009 to 2014.

16. From 2009 through June 2015, JEROME DURDEN served as the Treasurer of the Board of Trustees of the LTLOF.

17. As a 501(c)(3) tax exempt organization, the LTLOF was required to file a true and accurate IRS Form 990 return in each relevant tax year disclosing transfers between itself and related entities, disclosing business transactions with interested parties and disclosing compensation to current and former trustees, directors, officers and keys employees, among other information.

18. In each relevant tax year, JEROME DURDEN was directly involved in preparing, signing, and filing an IRS Form 990 return on behalf of the Board of Trustees of the LTLOF.

## Count One

### 18 U.S.C. § 371 - Conspiracy to Defraud the United States

1. The general allegations are incorporated by reference as if fully set forth herein.

2. Between 2009 and 2015, JEROME DURDEN agreed and conspired with Alphons Iacobelli, General Holiefield, Monica Morgan, UAW Official 2, the NTC, the LTLOF, and other individuals and entities, both known and unknown, to impede, impair, obstruct, and defeat the Internal Revenue Service from ascertaining, computing, assessing, and collecting taxes.

3. It was part of that conspiracy that JEROME DURDEN, Alphons Iacobelli, General Holiefield, Monica Morgan, UAW Official 2, and others concealed hundreds of thousands of dollars in illegal payments made by and on behalf of FCA to UAW officers and representatives.

4. It was part of that conspiracy that JEROME DURDEN, Alphons Iacobelli, General Holiefield, Monica Morgan, UAW Official 2, and others received millions of dollars in compensation from the NTC, which compensation was falsely and fraudulently omitted from the IRS Form 990 returns filed by the NTC.

5. It was also part of that conspiracy that JEROME DURDEN, Alphons Iacobelli, General Holiefield, Monica Morgan, UAW Official 2, and others directed and caused the NTC to engage in hundreds of thousands of dollars in business transactions with interested parties, including current and former officers,

directors, trustees, and key employees, with their family members and with entities they owned or controlled, which business transactions were falsely and fraudulently omitted from the IRS Form 990 returns filed by the NTC.

6. It was further part of the conspiracy that JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others transferred, and caused to be transferred, hundreds of thousands of dollars in funds from the LTLOF to General Holiefield through Monica Morgan and through one or more companies owned or controlled by Monica Morgan, which transfers were falsely and fraudulently omitted from the IRS Form 990 filed on behalf of the LTLOF.

7. It was further part of the conspiracy that JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others caused and directed the LTLOF to engage in excess benefit transactions for the direct benefit of Monica Morgan and for the indirect benefit of General Holiefield, which excess benefit transactions were falsely and fraudulently omitted from the IRS Form 990 filed on behalf of the LTLOF.

## Overt Acts in Furtherance of the Conspiracy

8. In or about July of 2009, JEROME DURDEN, General Holiefield, Alphons Iacobelli, and others transferred $15,000 in funds from the NTC to the LTLOF.

9. On or about February 25, 2011, JEROME DURDEN signed and filed a 2009 IRS Form 990 for the NTC which return failed to identify the LTLOF as a related entity and failed to accurately report the transfer of $15,000 in funds from the NTC to the LTLOF during the subject tax year.

10. Between October of 2009 and September of 2010, JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others transferred $56,000 in funds from the NTC to the LTLOF. In December of 2010, JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2 and others transferred $30,000 in funds from the NTC to the LTLOF.

11. On or about February 25, 2011, JEROME DURDEN signed and filed a 2010 IRS Form 990 on behalf of the NTC which return failed to identify the LTLOF as a related entity and failed to accurately report the transfer of $56,000 in funds from the NTC to the LTLOF during the subject tax year.

12. Between January of 2010 and December of 2010, JEROME DURDEN, General Holiefield, UAW Official 2, and others transferred $53,015 in funds from the LTLOF to a company controlled by Monica Morgan.

13. On or about November 1, 2011, JEROME DURDEN signed and filed a 2010 IRS Form 990 on behalf of the LTLOF which return failed to identify the NTC as a related entity, failed to accurately report the transfer of $86,000 in funds from the NTC to the LTLOF during the subject tax year and further failed to accurately report the transfer of $53,015 in funds from the LTLOF to General Holiefield through a company controlled by Monica Morgan during the subject tax year.

14. Between October of 2010 and September of 2011, JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others transferred more than $421,960 in funds from the NTC to two separate companies controlled by Monica Morgan.

15. Between October of 2010 and September of 2011, JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others and transferred more than $122,000 in funds from the NTC to the LTLOF.

16. Between October of 2010 and September of 2011, JEROME DURDEN, Alphons Iacobelli, General Holiefield, and others transferred more than $20,600 in funds from the NTC to pay for personal American Express credit card expenses of Alphons Iacobelli.

17. On or about May 15, 2012, JEROME DURDEN signed and filed a 2011 IRS Form 990 on behalf of the NTC which return failed to identify the LTLOF as a related entity, failed to accurately report the transfer of $122,000 in funds from the NTC to the LTLOF during the subject tax year, failed to accurately report the $421,960 in funds transferred from the NTC to two separate companies controlled by Monica Morgan and failed to accurately report more than $20,600 in compensation paid to Alphons Iacobelli.

18. Between October of 2011 and September of 2012, JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others transferred more than $246,652 in funds from the NTC to three separate companies controlled by Monica Morgan.

19. Between October of 2011 and September of 2012, JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others transferred more than $89,200 in funds from the NTC to LTLOF.

20. Between October of 2011 and September of 2012, JEROME DURDEN, Alphons Iacobelli, General Holiefield and others transferred more than $17,000 in funds from the NTC to pay for personal American Express credit card expenses of Alphons Iacobelli, transferred $35,000 in funds from the NTC to be used as a down payment for two Mont Blanc fountain pens for Alphons Iacobelli and transferred more than $96,000 in funds from the NTC to pay for the installation of a swimming pool, outdoor kitchen and outdoor spa at the residence of Alphons Iacobelli in Rochester Hills, Michigan.

21. On or about May 14, 2013, JEROME DURDEN signed and filed a 2012 IRS Form 990 on behalf of the NTC which return failed to accurately report the $246,652 in funds transferred from the NTC to three separate companies controlled by Monica Morgan, failed to accurately report the transfer of $89,200 in funds from the NTC to the LTLOF, and failed to accurately report more than $148,000 in compensation paid to Alphons Iacobelli.

22. Between October of 2012 and September of 2013, JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others transferred more than $40,854 in funds from the NTC to two separate companies controlled by Monica Morgan.

23. Between October of 2012 and September of 2013, JEROME DURDEN, General Holiefield, Alphons Iacobelli, UAW Official 2, and others transferred more than $104,200 in funds from the NTC to LTLOF.

24. Between October of 2012 and September of 2013, JEROME DURDEN, Alphons Iacobelli, General Holiefield, and others transferred $40,684 in funds from the NTC to complete the purchase of two Mont Blanc fountain pens by Alphons Iacobelli, transferred $159,425 in funds from the NTC to pay for personal American Express and Chase credit card expenses of Alphons Iacobelli and transferred more than $375,047 in funds from the NTC to pay for the installation of a swimming pool, outdoor kitchen and outdoor spa at the residence of Alphons Iacobelli in Rochester Hills, Michigan.

25. On or about May 13, 2014, JEROME DURDEN signed and filed a 2013 IRS Form 990 on behalf of the NTC which return failed to accurately report the $40,854 in funds transferred from the NTC to two separate companies controlled by Monica Morgan, failed to accurately report the transfer of $104,200 in funds from the NTC to the LTLOF, and failed to accurate report more than $575,156 in compensation paid to Alphons Iacobelli.

26.  Between October of 2013 and September of 2014, JEROME DURDEN, Alphons Iacobelli, General Holiefield, UAW Official 2, and others transferred more than $403,834 in funds from the NTC to pay for personal American Express and Chase credit card expenses of Alphons Iacobelli, transferred more than $350,000 in funds from the NTC to pay for the purchase of a Ferrari automobile by Alphons Iacobelli, and transferred more than $73,000 in funds from the NTC to pay for landscaping at the residence of Alphons Iacobelli and at other locations selected by Alphons Iacobelli.

27.  In June of 2014, JEROME DURDEN, General Holiefield, Alphons Iacobelli and others transferred more than $262,000 in funds from the NTC to pay off the mortgage on the residence of General Holiefield and Monica Morgan located in Harrison Township, Michigan.

28.  On or about May 11, 2015, JEROME DURDEN signed and filed a 2014 IRS Form 990 on behalf of the NTC which return failed to accurately report more than $262,000 in compensation paid to General Holiefield and failed to accurately report more than $826,838 in compensation paid to Alphons Iacobelli.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### Willful Failure to File Tax Return - 26 U.S.C. § 7203

1. The general allegations are incorporated by reference as if fully set forth herein.

2. Between January of 2013 and December of 2013, JEROME DURDEN received $147,818 in wages from FCA.

3. FCA paid $147,818 to JEROME DURDEN as compensation for his position in the FCA Finance Department and for his services as the Controller of the NTC and as the Treasurer of the LTLOF.

4. Between January of 2013 and December of 2013, JEROME DURDEN received additional income of $4,300 from the NTC in the form of funds used to purchase and install carpeting at his residence in Rochester Hills, Michigan.

5. In and after April 2014, JEROME DURDEN willfully and intentionally failed to file a 2013 IRS 1040 income tax return as required by law.

All in violation of Title 26, United States Code, Section 7203.

DANIEL L. LEMISCH
Acting United States Attorney


s/Bruce C. Judge
BRUCE C. JUDGE
Assistant United States Attorney
211 W. Fort St. Suite 2001
Detroit, Michigan 48226
(313) 226-9122
Bruce.Judge@usdoj.gov


s/Charles J. Kalil II
CHARLES J. KALIL II
Assistant United States Attorney
211 W. Fort St. Suite 2001
Detroit, Michigan 48226
(313) 226-9518
Charles.Kalil@usdoj.gov


s/Stephanie M. Gorgon
STEPHANIE M. GORGON
Assistant United States Attorney
211 W. Fort St. Suite 2001
Detroit, Michigan 48226
(313) 226-0836
Stephanie.Gorgon@usdoj.gov


Date: June 13, 2017

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover** | Case: 5:17-cr-20406<br>Judge: O'Meara, John Corbett<br>MJ: Whalen, R. Steven<br>Filed: 06-13-2017 At 11:08 AM<br>INFO USA v. SEALED MATTER (SO) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: _BCJ_ |

**Case Title:** USA v. Jerome Durden

**County where offense occurred:** Wayne County and Oakland County

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

____Indictment/ ✓ Information --- **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:                    ]
____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

June 13, 2017
Date

_Bruce C. Judge_ (signature)
BRUCE C. JUDGE
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-9122
Fax:    313-226-3413
E-Mail address: Bruce.Judge@usdoj.gov
Attorney Bar #: CA 148805

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/1